Tbe opinion of tbe Court was delivered by
HüNKIN, Ch.
Where a debtor is absent from this State, baying property within tbe State wbicb cannot be reached by tbe ordinary process of law, it has been a practice, much older than Kinloch vs. Meyer, (Speer Eq. 427), to grant relief in this Court as against such property, to tbe creditors of such absent 'debtor. In such case be may have taken no steps to recover, or establish, bis demand at law, because tbe law afforded no process by, which be could make' bis debtor a party in Court. Attachment will not lie against executors or administrators in possession of funds of tbe absent debtor; and, in Bank of the United States vs. Boatwright, 4 McC. 30, it was ruled tbat attachment could not be maintained where any member of the co-partnership was resident within tbe State and amenable to tbe ordinary process. In such case tbe Act of 1792, bad provided a legal remedy; and tbe Act *337 of 1823, referred to in the decree, was to give a remedy against joint contractors, wbo were not partners, and, therefore, not witbin the purview of the Act of 1792.
In the recent case of Gadsden vs. Carson, (MSS. Charleston, January, 1857,) the Court had occasion to consider the relative rights of individual and co-partnership creditors. The prior right of the co-partnership creditor to be paid out of the co-partnership assets- was there recognized, and it was declared that the right of the individual creditor extended only to his debtor’s interest in the balance after the adjustment of the co-partnership accounts. It was further held that the co-partnership creditor was also a creditor of each member of the firm. Under such circumstances it may well be, that, upon the familiar principles of this Court, one, who is only an individual creditor, might require the co-partnership creditor to look first to the co-partnership assets. The plaintiffs have prosecuted their demand to judgment at law against the co-partnership, and their execution has been returned nulla bona. This is prima facie evidence of a want of assets. The defendants do not aver that any co-partnership assets exist. The schedule of Moody, (one of the partners,) when arrested on a?ca. sa. was only cumulative proof, and corroborating the presumption arising from the sheriff’s return on the execution against the co-partnership.
Under the fourth ground of the defendant’s appeal the Court is of opinion that the appellant is entitled to a modification and enlargement of the decretal order. In all the recent decisions upon this subject, viz: Heath vs. Bishop, 4 Rich. Eq, 46; Carlton vs. Felder, 6 Rich. Eq. 58, and Brennan vs. Burke, Id. 200, the Court determined that in a fund, thus brought under the control of the Court, all the creditors of the absent debtor should be permitted to participate, and should have an opportunity to present and establish their demands. In both the latter cases it was held that the form *338 of tbe original proceedings was not material, provided a proper notice was given to creditors prior to a final decree.
It is ordered and decreed that notice be published in the Marion Star, to the creditors of Hugh G-. Haselden to present and establish their demands before the special referee, appointed in this case, within three months from the publication of said notice, and that the special referee report upon such claims or demands, (including that of defendant, C. D. Evans, for debts paid by him,) with leave to report any special matter ; the decretal order of the Circuit Court is enlarged and modified accordingly, and in all other respects, the same is confirmed.
JOHNSTON and Wakdlaw, CC., concurred.
Dabgakt, Ch., absent at the hearing.

Decree modified